UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WAYNE BONILLA,

    Plaintiff,

v.

KIM GALLAGHER, et al.,

    Defendants.

No. 2:18-cv-2195 AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's civil rights complaint and a motion to proceed in forma pauperis were filed on August 13, 2018. See ECF Nos. 1, 2. For the reasons stated below, the court will recommend that: (1) this matter be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A, and (2) plaintiff's request to proceed in forma pauperis (ECF No. 1) be denied as moot.

I.    PLAINTIFF'S COMPLAINT

    A.    General Facts

In plaintiff's complaint, plaintiff identifies court clerks Kim Gallagher and Dan Arnold along with Judge Stanley Dawson as defendants. See ECF No. 1 at 2. Venue appears to be proper as defendants are located in Susanville, California (see ECF No. 1 at 2), which is in Lassen County. See 28 U.S.C. § 1391(b) (stating civil action may be brought in judicial district in which

1

any defendant resides if all defendants are residents of the State in which the district is located); see also E.D. Cal., L.R. 120(d) (2009) (stating civil actions arising in Lassen County shall be commenced in United States District Court sitting in Sacramento).

The first page of the complaint clearly states that the action "has nothing to do with prison issues." See ECF No. 1 at 1 (brackets omitted). The pleading plainly indicates that plaintiff is challenging his conviction and sentence. See ECF No. 1 at 2 (stating "judgment is void on its face" and "the prosecution withheld information which proves that the premeditated crime never took place"). The pleading also attempts to raise jurisdictional issues, implying that the trial court lacked subject matter jurisdiction and that as a result, its judgment should be pronounced "a nullity" by this court, and that plaintiff should be released. See generally ECF No. 1 at 3.

B. Applicable Law

State prisoners may not attack the fact or length of their confinement in a Section 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while [Section] 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"). "[An] application [for a writ of habeas corpus] may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d) (brackets added).

C. Analysis

Plaintiff cannot challenge the validity of his conviction in a civil rights action under 42 U.S.C. § 1983; he can do so only in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In the complaint, plaintiff states that this court has a "DUTY to pronounce the trial court's judgment a NULLITY . . . and to release . . . [him] immediately." See ECF No. 1 at 3 (brackets

---

[1] In light of the fact that this action has been improperly brought under 42 U.S.C. § 1983, the court need not and does not address the question of whether the named defendants are viable defendants under § 1983.

2

added) (capitalization in original). Because plaintiff is challenging the validity of his continued confinement and a favorable determination would result in his speedier release, his claim lies directly within the core of habeas corpus. The complaint fails to state a cognizable claim for relief under Section 1983 and must be dismissed.

The court declines to offer plaintiff the option to convert his claims to an action for habeas corpus relief. Habeas petitions may be filed in the district of confinement or conviction (see 28 U.S.C. § 2241(d)), and based on the information provided in the complaint and attachments, plaintiff's claims relate to his capital conviction out of Alameda County. See ECF No. 1 at 3 (plaintiff referencing "Alameda County Case No. H-12210-A"). In addition, plaintiff is currently incarcerated at San Quentin State Prison, which is located in Marin County. Both of these counties are situated in the Northern District of California. See 28 U.S.C. § 84(a). Therefore, if plaintiff wishes to challenge his conviction or sentence, he will need to do so by filing a petition in the United States District Court for the Northern District of California.

II. LEAVE TO AMEND

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-1006.

The undersigned finds that, for the reasons explained above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

III. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your claim should be dismissed because it challenges the validity of your sentence and conviction. Therefore, the claim should have been brought under 28 U.S.C. § 2254 as a habeas

action, not as a civil rights action under 42 U.S.C. § 1983.

Even if the factual allegations in your complaint are true, the court will not permit you to convert your complaint to a habeas petition in this district because venue here is not proper. If you want to bring a habeas petition, you will need to file it in the United States District Court for the Northern District of California. The Northern District is the proper venue for any habeas action you may wish to file.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be DISMISSED with prejudice and without leave to amend for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A, and

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 25, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE